1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**EASTERN DISTRICT OF CALIFORNIA**

8
9
10

11      JOAQUIN FLORES,                          )   Case No.: 1:24-cv-00444-SKO (HC)
                                                  )
12                      Petitioner,               )   ORDER DIRECTING CLERK OF COURT TO
                                                  )   ASSIGN DISTRICT JUDGE
13              v.                                )
                                                  )   FINDINGS AND RECOMMENDATION TO
14                                                )   DISMISS FIRST AMENDED PETITION
                                                  )   [Doc. 7]
15      SUPERIOR COURT OF CALIFORNIA,             )
        MERCED,                                   )
16                                                )   [THIRTY-DAY DEADLINE]
                        Respondent.               )
17      _____

18          Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of

19      habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed his initial petition in this Court on April

20      15, 2024.  (Doc. 1.)  After conducting a preliminary screening of the petition, the Court found the

21      petition failed to name a proper respondent, failed to demonstrate exhaustion of state remedies, and

22      failed to present cognizable grounds for relief.  The petition was dismissed with leave to file an

23      amended petition. (Doc. 4.)

24          On May 13, 2024, Petitioner filed a First Amended Petition. (Doc. 7.)  After conducting a

25      preliminary review, the Court finds the petition suffers from the same deficiencies as before.

26      Petitioner again fails to name a proper respondent, fails to demonstrate exhaustion of state remedies,

27      and fails to state a claim for relief.  The Court will recommend the First Amended Petition be

28      DISMISSED.

1    **I.      DISCUSSION**

2            A. <u>Preliminary Review of Petition</u>

3            Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

4    review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

5    plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

6    the district court . . . ."  Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

7    Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

8    either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

9    answer to the petition has been filed.

10           B. <u>Failure to Name a Proper Respondent</u>

11           Petitioner names the "Superior Court of California, Merced" as Respondent.  A petitioner

12   seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of

13   him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval</u>

14   <u>v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360

15   (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the

16   prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the

17   petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u> <u>Stanley</u>, 21 F.3d

18   at 360. However, the chief officer in charge of state penal institutions is also appropriate.  <u>Ortiz</u>, 81

19   F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.

20           Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for

21   lack of jurisdiction.  <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326

22   (9th Cir. 1970); <u>see also</u> <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976).

23   The Court would generally give Petitioner a further opportunity to cure this defect by amending the

24   petition to name a proper respondent.  However, the petition also suffers from other defects which are

25   incurable.  Thus, the Court will recommend the petition be dismissed.

26           C. <u>Failure to Demonstrate Exhaustion of State Remedies</u>

27           A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

28   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

2

exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Petitioner states he appealed to the California Court of Appeals, Fifth Appellate District, and the appeal was affirmed in part and reversed in part on February 1, 2023.  (Doc. 7 at 2.)  In the space provided to indicate whether Petitioner sought further review of the decision on appeal by a higher state court, the answer is left blank.  (Doc. 7 at 2.)  Petitioner also states he has filed a petition for resentencing in the appellate court and the petition is currently pending. (Doc. 7 at 3.)  Thus, the claims appear to be unexhausted.  In addition, it appears that judgment is not yet final as judgment was reversed in part on February 1, 2023.  (Doc. 7 at 2.)  Petitioner was provided an opportunity to demonstrate exhaustion, but he failed to do so.  Thus, the Court will recommend the petition be dismissed.

D. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

3

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The grounds set forth in the First Amended Petition are identical to the grounds set forth in the initial petition.  The amended petition fails to state a cognizable federal claim for the same reasons previously stated.  The claims are set forth in cursory fashion with little to no facts in support.  For example, Ground One is stated: "Daubert motion was denied."  The facts in support are: "Sergeant Eugiene Collins is on the California Brady list."  This is the entire claim as stated and is deficient and incomprehensible. Grounds Two and Four are similarly presented in cursory fashion and unintelligible.  Petitioner also fails to show how the state court rejection of his claims were contrary to or an unreasonable application of Supreme Court precedent.

In sum, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.  Petitioner was provided an opportunity to state a claim but failed to do so.

## III.    ORDER

Accordingly, the Clerk of Court is DIRECTED to assign a district judge to this case.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the First Amended Petition be DISMISSED.

4

1          This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant

2    to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the

3    United States District Court, Eastern District of California.  Within thirty (30) days after service of the

4    Findings and Recommendation, Petitioner may file written objections with the Court.  Such a

5    document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

6    The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).

7    Petitioner is advised that failure to file objections within the specified time may waive the right to

8    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  This

9    recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.

10   Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be

11   filed until entry of the District Court's judgment.

12

13   IT IS SO ORDERED.

14   Dated:   **May 17, 2024**                          */s/ Sheila K. Oberto*

15                                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28