UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN FLORES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA, MERCED,<br><br>　　　　　Respondent. | No.  1:24-cv-00444-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Doc. 9) |

　　　　Petitioner Joaquin Flores is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 20, 2024, the assigned magistrate judge issued findings and recommendations to dismiss the first amended petition for failure to name a proper respondent, failure to exhaust state remedies, and failure to state a claim for relief.  Doc. 9.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service.  No objections have been filed, and the deadline to do so has expired.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.  As the magistrate judge noted, both petitioner's original petition and amended petition failed to name the correct respondent, and the lack of a proper respondent "destroys personal jurisdiction." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) ("Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.").  Dismissal without further leave to amend is warranted as the amended petition fails to demonstrate exhaustion of state remedies and fails to state a cognizable federal claim.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be denied debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Petitioner was given an opportunity to amend his petition but his amended petition contains the same deficiencies.  Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on May 20, 2024, Doc. 9, are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  July 31, 2024

UNITED STATES DISTRICT JUDGE

3